IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL GREEN, Trustee for the §
2016 WOLF TRUST, §
 §
        Plaintiff, §
 §
v. § CIVIL ACTION NO. H-17-0772
 §
BANK OF AMERICA, N.A., §
 §
        Defendant. §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law ("Motion to Dismiss") (Docket Entry No. 4). For the reasons stated below, the motion will be granted in part and denied in part.

### I.   Factual and Procedural Background

In 2008 Edgar and Maria Cortes ("Borrowers") obtained a loan secured by a deed of trust on real estate located at 6822 Liberty Creek Trail, Houston, Texas, 77049 ("the Property").[1] The deed of trust was later assigned to BANA, successor by merger to BAC Home

---

[1]Factual allegations are taken from Plaintiff's Verified First Amended Original Petition to Quiet Title for Declaratory and Injunctive Relief, TRO, and Request for Disclosure ("Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1, pp. 6-7 and uncontested allegations from Defendant's Motion to Dismiss, Docket Entry No. 4, pp. 5-9.

Loan Servicing, LP FKA Countrywide Home Loans Servicing. The Property is subject to restrictions and covenants that permitted the Liberty Lakes (Houston) Homeowners' Association, Inc. ("HOA") to assess a lien for unpaid HOA assessments. In February of 2015 the HOA prevailed in a suit against Borrowers and foreclosed its lien against the Property.

The 2016 Wolf Trust ("the Trust") purchased the Property subject to Defendant's existing senior lien at a Constable's Sale in May of 2016. Defendant filed a Notice of Substitute Trustee's Sale with the Harris County Clerk on January 30, 2017. The sale was scheduled for March 7, 2017. Plaintiff filed this action in the 113th Judicial District Court, Harris County, Texas, on February 24, 2017, seeking to enjoin Defendant from foreclosing. Plaintiff also claimed an equitable right of redemption and sued for quiet title. Plaintiff alleges that the Trust seeks to pay off Defendant's lien but that Defendant has not responded to Plaintiff's attempts to communicate. Defendant timely removed the action and now moves to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II. Applicable Law

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. Id. (citing Oppenheimer v. Prudential Securities Inc., 94 F.3d 189, 194 (5th Cir. 1996)). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

### III. Application

#### A. Equitable Redemption

To properly state a claim for the equitable right of redemption, a plaintiff must show it: (1) has an equitable or legal right to the property; (2) based on which it would suffer a loss from foreclosure; and (3) "is 'ready, able or willing to redeem the

properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject.'" Scott v. Schneider Estate Trust, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ) (quoting Houston v. Shear, 210 S.W. 976, 981 (Tex. Civ. App.—Austin 1919, writ dism'd )). "The party wishing to redeem must also be willing to pay amounts expended by the mortgagee in association with the default." Id.

Defendant argues that Plaintiff offers no facts that demonstrate that the Trust would suffer a loss from foreclosure or that Plaintiff is ready, able, or willing to pay off the amount of the existing lien and other amounts owed to Defendant in relation to the default and foreclosure attempts.[2] Defendant further argues that Plaintiff "does not assert that [the Trust] has tendered the amount owed on the Note, which is a 'necessary prerequisite to the . . . recovery of title . . . .'"[3]

Plaintiff has plead sufficient facts to state a claim for its equitable right of redemption that is plausible on its face. Plaintiff alleges that the Trust possesses a legal interest in the Property as a result of purchasing the Property at the Constable's Sale. It is plausible that, based upon that interest, Plaintiff would suffer a loss in the event of a foreclosure sale. Finally,

---

[2]Defendant's Motion to Dismiss, Docket Entry No. 4, p. 13.

[3]Id. at 13-14 (citing Kingman Holdings, LLC v. BAC Home Loans Servicing, LP, Civil Action No. 4:10-cv-698, 2011 WL 1882269, at *4 (E.D. Tex. Apr. 21, 2011).

Plaintiff's alleged attempts to contact Defendant indicate a willingness to pay off Defendant's existing lien.

Defendant argues that dismissal is warranted because Plaintiff has failed to tender the amount owed, which is a necessary prerequisite for the recovery of title.[4] Although the cases on which Defendant relies correctly identify tender of the amount owed as a "'condition precedent' to recovery of title," tender is not required in order to state a legally cognizable claim.[5] If the court were to adopt BANA's reasoning, defendants could defeat equitable redemption claims at the pleading stage by simply withholding payoff information from plaintiffs.

Plaintiff's factual allegations are sufficient to survive a motion to dismiss. If the Trust is to prevail on its claim, it must eventually tender the amount owed. But in order to do so, Defendant must first provide that amount to the Trust.

## B. Quiet Title

Plaintiff also asks the court to "quiet title" to the Property. A suit to remove cloud or to quiet title seeks an

---

[4]Defendant Bank of America, N.A.'s Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint ("Reply"), Docket Entry No. 9, pp. 4-5 (citing two virtually identical holdings: Kingman Holdings, LLC v. BAC Home Loans Servicing, LP, 2011 WL 1882269, at *4, and Kingman Holdings, LLC v. CitiMortgage Inc., Civil Action No. 4:10-cv-619, 2011 WL 1883829, at *4 (E.D. Tex. Apr. 21, 2011) ("the Kingman Holding cases")).

[5]The magistrate judge in the Kingman Holding cases cited several Texas cases on which the court relied in recommending dismissal. But none of the cited cases were resolved at the pleading stage based solely upon failure to tender the amount owed.

equitable remedy. Katz v. Rodriguez, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). The plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. Vernon v. Perrien, 390 S.W.3d 47, 61-62 (Tex. App.—El Paso 2012, no pet.) (citation omitted). Defendant argues that Plaintiff's quiet title claim fails as a matter of law because Plaintiff purchased the Property subject to a valid superior and senior lien.[6] Because Plaintiff does not dispute the validity or superiority of Defendant's claim, Plaintiff's quiet title claim will be dismissed.

## C. Injunctive Relief

Plaintiff seeks injunctive relief to prevent Defendant from foreclosing on the Property pursuant to Defendant's Notice of Substitute Trustee's Sale.[7] Plaintiff alleges that the notice was defective due to Defendant's failure to provide a street address for the substitute trustees, as required by statute. Defendant argues that this claim is moot because the date of the proposed sale has passed.[8] The court agrees, and Plaintiff's claim for

---

[6]Defendant's Motion to Dismiss, Docket Entry No. 4, pp. 10-12.

[7]Exhibit A to Plaintiff's Verified First Amended Original Petition to Quiet Title[,] for Declaratory and Injunctive Relief, TRO, and Request for Disclosure, Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 13-14.

[8]Defendant's Reply, Docket Entry No. 9, pp. 2-3.

injunctive relief will be denied as moot. If Defendant seeks to move forward with foreclosure proceedings while this case is pending, Plaintiff may again seek injunctive relief.

## IV. Conclusions and Orders

For the reasons explained above, the court concludes that Plaintiff has plead a legally cognizable claim for equitable redemption. Plaintiff's quiet title claim is **DISMISSED with prejudice**. Plaintiff's claim for injunctive relief is **DISMISSED as moot**. Defendant's Motion to Dismiss (Docket Entry No. 4) is therefore **GRANTED in part** and **DENIED in part**.

For the reasons stated above, Defendant is **ORDERED** to provide Plaintiff with a total of the amount required to pay off Defendant's valid and subsisting lien and any amounts Defendant expended in association with the default by **April 28, 2017**. Plaintiff will respond to the offer by **May 5, 2017**. The initial conference is **RESCHEDULED** for **May 19, 2017, at 2:00 p.m.**

**SIGNED** at Houston, Texas, on this 20th day of April, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE